Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4025**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS REYES, a/k/a Carlos Rodriguez,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-03-234)

———————

Submitted: May 13, 2004          Decided: May 18, 2004

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jesus Reyes pled guilty to being knowingly and unlawfully found in the United States after being previously deported and being previously convicted in the United States for an aggravated felony in violation of 8 U.S.C. § 1326(a) (2000). The district court sentenced Reyes to a forty-one month term of imprisonment, one-year term of supervised release, and a $100 special assessment.

Reyes was previously deported following his conviction in January 1996 for possession with intent to distribute and manufacture a Class A substance. After being deported, Reyes illegally reentered the United States. In March 2003, agents of the Bureau of Immigration and Customs Enforcement found Reyes incarcerated in North Carolina serving a 30-36 month sentence for trafficking in cocaine. Reyes was charged with the instant offense and elected to plead guilty pursuant to a written plea agreement.

During sentencing, the district court added two points to Reyes' criminal history pursuant to the U.S. Sentencing Guidelines Manual § 4A1.1(d) (2000), because Reyes committed the offense while serving a term of imprisonment. After determining Reyes' guidelines range, the court sentenced Reyes to a forty-one month term of imprisonment. The court imposed this sentence consecutively to the undischarged state sentence Reyes was serving pursuant to USSG § 5G1.3(a), which mandates that if an offense is committed while the defendant is serving a term of imprisonment for

another offense, the sentence for the instant offense is to be served consecutively to the undischarged term of imprisonment.

On appeal, Reyes argues that the court committed clear error in assessing two additional criminal history points and imposing a consecutive sentence because he committed the offense while he was serving a term of imprisonment. We review factual determinations made in sentencing proceedings for clear error and legal conclusions de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996).

Reyes maintains that he did not voluntarily incarcerate himself and had no control over being found in prison, thus he should not be penalized for his inability to leave the country. However, § 1326(a) plainly states that the offense of unlawful reentry is committed whenever a previously deported alien, without permission, "enters, attempts to enter, or is at anytime found in, the United States." The language of the statute thus clearly encompasses the circumstances in which Reyes was discovered.

Accordingly, we affirm Reyes' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED