**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4025**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JESUS REYES, a/k/a Carlos Rodriguez,

                                        Defendant - Appellant.

———————

On Remand from the United States Supreme Court.
(S. Ct. No. 04-5881)

———————

Submitted:  September 2, 2005        Decided:  September 28, 2005

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On May 18, 2004, this court affirmed Jesus Reyes's conviction and sentence. See United States v. Reyes, No. 04-4025, 2004 WL 1116354 (4th Cir. May 18, 2004) (unpublished). On January 24, 2005, the Supreme Court granted Reyes's petition for writ of certiorari, vacated this court's judgment and remanded to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Having reconsidered Reyes's sentence in light of Booker and its progeny, we find no reversible error. Accordingly, we affirm.

Jesus Reyes, a.k.a. Carlos Rodriguez, pled guilty to being present in the United States after deportation following his conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Reyes was assigned a base offense level of eight. See U.S. Sentencing Guidelines Manual § 2L1.2(a) (2000). Reyes's base offense level was increased twelve levels under § 2L1.2(b)(1)(B) because of his prior deportation following a felony drug trafficking conviction resulting in the imposition of a sentence of thirteen months or less. The district court then applied a three-level adjustment for acceptance of responsibility, thereby giving Reyes an adjusted offense level of seventeen. Reyes was placed in criminal history category IV, which included a two-point increase under § 4A1.1(d) because the offense was deemed

to have been committed while he was serving a term of imprisonment. Therefore, Reyes's guideline range was 37 to 46 months.

At sentencing, Reyes objected both to the two-point increase under § 4A1.1(d) and the fact that his federal sentence would run consecutively to his existing state sentence under § 5G1.3(a). The district court sentenced Reyes to a term of imprisonment for forty-one months. Over Reyes's objection, the district court imposed this sentence to be served consecutively to the undischarged state sentence in accordance with § 5G1.3(a).

On appeal, Reyes argues that the district court committed clear error in assessing two additional criminal history points and imposing a consecutive sentence. He maintains that he did not voluntarily incarcerate himself and had no control over being found in prison; thus, he should not be penalized for his inability to leave the country.

We review factual determinations made in sentencing proceedings for clear error and legal conclusions de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Section 1326(a) plainly states that the offense of unlawful reentry is committed whenever a previously deported alien, without permission, "enters, attempts to enter, or is at any time found in, the United States." Therefore, the language of the statute clearly encompasses the circumstances in which Reyes was discovered.

Next, Reyes argues that he is entitled to resentencing pursuant to <u>Booker</u> because he was sentenced under a mandatory scheme.  In <u>Booker</u>, the Supreme Court held <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  Thus, when a defendant pleads guilty and is sentenced under the mandatory guideline scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Booker</u>, 125 S. Ct. at 756.

Reyes concedes that a Sixth Amendment violation did not occur as he admitted to the facts upon which the district court enhanced his sentence.  Reyes's non-constitutional claim, that he is entitled to resentencing because he was sentenced under a mandatory sentencing scheme, raised for the first time on appeal, is reviewed for plain error.  <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005).  Reyes bears the burden of showing that this error affected his substantial rights.  <u>Id.</u> at 223.  Because there is no indication in the record that the district court would

have imposed a lower sentence under an advisory sentencing system, Reyes cannot make the necessary showing.  <u>Id.</u> at 224-25.

    We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>